UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION
-----------------------------------------------------------X
IN RE:

Yaw Adjei Asante

                            Debtors.
-----------------------------------------------------------X

Case No. 18-14191 (CGM)
Chapter 13

**ORDER**

### Application in Support of an Order Authorizing Retention of Albert A. Hatem, Esq., as Fraud Attorney Nunc Pro Tunc, as of June 11, 2019

**To the Chief Judge Cecelia G. Morris,**
**United States Bankruptcy Judge:**

The above-captioned debtor, Mr. Yaw Adjei Asante, (the "Debtor"), as and for his Application for entry of an Order pursuant to §§ 327(a) and §§ 328 (a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtor to employ and retain Albert A. Hatem, Esq., ("Special Counsel") as Special Counsel for Fraud and Collections involving a fraudulent loan modification against the Debtor, nunc pro tunc, as of June 11, 2019. In support of this Application, the Debtors submit the annexed retainer (the "Hatem Retainer") annexed hereto as **Exhibit A**, and the Debtor's affidavit (attached hereto as **Exhibit B**), and respectfully set forth and allege as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Application is core proceeding pursuant to 28 U.S.C.§§157(b)(2)(A).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and §§ 1409.

3. This proceeding has been initiated pursuant to Bankruptcy Code §§ 105(a), §§ 327 and §§ 328 and Bankruptcy Rule 2014.

## BACKGROUND

4. On December 28, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under the Chapter 13 of the Bankruptcy Code.

5. On or about August 2, 2006, Debtor purchased the property located at 871 Swinton Avenue, Bronx, NY (hereinafter the "Property").

6. Ms. Margaret "Mary" Edusei (hereinafter "Ms. Edusei") represented herself to be a licensed real estate agent and broker with an office in the Bronx, located at 2152B Westchester Avenue, Bronx, NY 10463 where, based upon information and belief, Ms. Edusei continues to work and hold herself out to as a real estate agent and broker.

7. After the purchase of the Property, per Ms. Edusei's suggestion, the Debtor rented out the units of the Property to a Mr. Daniel Antwi and Ms. Josephine Antwi. The total rents received, as expressed by Ms. Edusei were $4,000.00 per month.

8. The Debtor believed the mortgage was being paid pursuant to the rents being received from the tenants, until 2014 when he found out that the mortgage was not being paid.

9. As a result of the lack of payment, a notice of foreclosure was received.

10. The Debtor, in 2015, sought the services of attorney Ms. Alice Nicholson, located in Brooklyn. Attorney Nicholson was helping the Debtor with foreclosure representation

11. During the course of the foreclosure defense, Attorney Nicholson showed the Debtor a deed dated September 6, 2007 (attached hereto as "**Exhibit C**").

12. Said deed allegedly transferred ownership of the Property from the Debtor as 100% owner to Daniel Antwi and Josephine Antwi in 99% and 1% to the Debtor.

13. The signature on the 2007 deed is not the Debtor's signature. Further, the deed is notarized by a Mr. Anthony Onua.

14. The Debtor affirms he never met Mr. Onua and did not sign any deed in front of him.

15. The Debtor went to the Office of City Register, where he learned of another existing deed, dated June 20, 2014 (attached hereto as "**Exhibit D**"). Said deed allegedly transferred ownership the 99% of Daniel Antwi and Josephine Antwi to solely Daniel Antwi.

16. The 2014 deed is also notarized by Mr. Onua.

17. The Debtor, through current counsel, was advised of Mr. Onua's indictment on the charges of conspiracy, bank fraud and wire fraud arising from mortgage fraud schemes.

18. Mr. Onua lost his notary license in or about 2010 (attached hereto as "**Exhibit E**").

19. In addition to the alleged deed transfers, the Debtor also was informed of a loan modification dated May 25, 2018 (attached hereto as "**Exhibit F**").

20. The Debtor never signed any loan modification, in particular for the date of the modification as he was out of the country from April 27, 2018 to July 2, 2018 (a copy of his passport attached hereto "**Exhibit G**").

21. The undersigned applicant as counsel to Debtor requests the retention of Al Hatem, Esq., a reputable collection attorney to hunt down Ms. Edusei, Mr. Daniel Antwi and Ms. Josephine Antwi to find out what happened to the rents owed to the Debtor from late 2006 to around 2015.

22. The undersigned has reason to believe that Ms. Edusei is not a licensed real estate agent or broker in the state of New York.

23. To the extent there are assets of Ms. Edusei that can be preserved, Mr. Hatem will do his best to locate the same. Mr. Hatem will also do his best to trace the funds owed to the Debtor's estate to fund his Ch. 13 plan and pay the secured creditor for its mortgage claim. Mr. Hatem may need to travel to locate assets and interview witnesses. Time is of the essence in that the money collected by Ms. Edusei, remains unaccounted for as of the date and time of this application.

**RELIEF REQUESTED**

24. As a result of the foregoing, the Debtor desires to retain Albert A. Hatem, Esq., <u>nunc pro tunc</u> as of June 11, 2019, for representation as Fraud and Collections Attorney with regards to mortgage fraud.

25. To the best of the Debtor's knowledge, information and belief, the Attorney, Albert A. Hatem, Esq., is a disinterest person within the meaning of 11 U.S.C. Section 101(14) and concluding no conflicts exist.

26. Said Attorney, has the necessary skills to perform services for the Debtor in proceedings of this kind. The Debtor submits that the Attorney is qualified to perform such services that are necessarily required by and for the Debtor.

27. As a result of the foregoing, the Debtor believe that the Attorney is the best qualified professional to perform services which are necessarily required.

28. No previous request for the relief sought has been made for this or nay other Court.

**WHEREFORE,** the Debtor respectfully request that an Order be entered similar in form

to the one annexed hereto, and for such other and further relief as this Court may deem just and proper.

**Dated:** White Plains, New York
August 28, 2019

*/s/ Linda M. Tirelli*
Linda M. Tirelli, Esq.
Attorney for Debtor
Tirelli Law Group, LLC
50 Main Street, Suite 1265
White Plains, New York 10606
Tel: (914) 732-3222